**NOT YET SCHEDULED FOR ORAL ARGUMENT**

No. 18-1154

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

RENEWABLE FUELS ASSOCIATION, ET AL.,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

# EPA'S SUR-REPLY IN OPPOSITION TO PETITIONERS' MOTION TO LIFT STAY OF PROCEEDINGS

BENJAMIN R. CARLISLE
*Attorney, Environmental Defense Section*
*Environment and Natural Resources Div.*
*U.S. Department of Justice,*
*P.O. Box 7611*
*Washington, D.C. 20044*
*(202) 514-9771*
*benjamin.carlisle@usdoj.gov*

*Of Counsel:*

RYLAND (SHENGZHI) LI
*U.S. EPA, Office of General Counsel*
*Air and Radiation Law Office*

Petitioners' reply mischaracterizes *Alon Refining Krotz Springs v. EPA*, No. 16-1052 (D.C. Cir. Aug. 30, 2019) ("*Alon*"). *See* Pet. Reply Br. at 3.[1] *Alon* did not suggest that, in an arising-after challenge under 42 U.S.C. § 7607(b)(1), the *Oljato* procedure no longer applies. *See Alon* at 26-27. Indeed, *Alon* did not address that issue because those petitioners had abandoned any after-arising-jurisdiction argument. *Id.* at 29. By contrast, Petitioners here expressly brought their petition for review as an after-arising challenge to an EPA regulation promulgated in 2010. *See* Petition for Review at 3-4, 8. Unlike petitioners in *Alon*, Petitioners here have *not* sought timely judicial review of the denial of an administrative petition.

Regardless, *Alon* does not alter the requirement that EPA must first act on Petitioners' administrative petition for this case to be ripe for judicial review. EPA has not done so and "constructive denial" is not a legally viable theory for circumventing EPA's action on their administrative petition. Therefore, the Court should deny Petitioners' motion.

Notably, Petitioners ignore the aspects of *Alon* that *are* relevant to this case. First, their "constructive denial" theory is inconsistent with *Alon*'s insistence that the CAA's jurisdictional deadline be "straightforward" rather than "practically

---

[1]https://www.cadc.uscourts.gov/internet/opinions.nsf/82C18626CA72C4BE8525846600527D55/$file/16-1052.pdf

unknowable." *Alon* at 25-26. There is no straightforward way to ascertain the date of a purported "constructive denial," as Petitioners' briefs illustrate.

Second, *Alon* disposes of Petitioners' argument that their administrative petition arises under CAA Section 307(d)(7)(B). *See* Pet. Mot. at 18-25; EPA Opp. at 17-19. *Alon* explained that Section 307(d)(7)(B) does not apply to objections that arose after the initial, sixty-day window for judicial review. *Alon* at 30-31 (explaining that a contrary rule would turn this "limited gap filling provision . . . into a perpetually looming threat of mandatory notice-and-comment reconsideration" and "make a mockery" of Congress's intent to require litigants to bring their challenges at the outset). Petitioners' arguments that EPA has "constructively refused" to convene mandatory reconsideration proceedings fail both because their administrative petition remains pending and because Petitioners' objections allegedly arose after the initial, sixty-day window for judicial review.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

Dated: September 19, 2019

By: /s/ Benjamin R. Carlisle
BENJAMIN CARLISLE
NY Bar #: 4734612
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

Phone: (202) 514-9771
Fax: (202) 514-8865
Email: Benjamin.Carlisle@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing contains 344 words, according to the count of Microsoft Word.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing 19th day of September 2019, through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*s/ Benjamin R. Carlisle*
BENJAMIN R. CARLISLE